Airene Williamson, Esq.
Nevada State Bar # 11594
California State Bar # 277101
WILLIAMSON LAW OFFICE, PLLC
1060 Wigwam Parkway
Henderson, Nevada 89074
Tel: (702) 823-3311
Fax: (702) 309-1085
awilliamson@wlawoffice.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ARNAB SARKAR, an individual**<br><br>Plaintiff,<br><br>**WORLD SAVINGS FSB, F/K/A WELLS FARGO BANK, N.A; THE BANK OF NEW YORK AS TRUSTEE FOR SECURITIZED TRUST WORLD SAVINGS BANK MORTGAGE PASS-THROUGH CERTIFICATES REMIC 28; AND DOES 1 THROUGH 100 INLCLUSIVE.**<br><br>**Defendants.** | Case No. Case No.:  3:13-CV-04375-EDL<br><br>**OPPOSITION TO DEFENDANT WELLS FARGO BANK N.A.'S AND THE BANK OF NEW YORK'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

**TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**COMES NOW** Plaintiff ARNAB SARKAR, ("Plaintiff") hereby submits this Opposition to Defendants Wells Fargo Bank N.A.'s ("Wells Fargo") and The Bank of New York's ("Bank of New

1

York") Motion to Dismiss Plaintiff's Complaint.

This Opposition to Defendant's Motion to Dismiss will be based on this NOTICE, on the attached MEMORANDUM OF POINTS AND AUTHORITIES and on the complete files and records of this action and on such other oral and/or documentary evidence as may be presented at the hearing on this motion.

DATED: November 1, 2013   WILLIAMSON LAW OFFICE, PLLC

By: */s/ Airene Williamson*
Airene Williamson, Esq.
Nevada State Bar # 11594
California State Bar # 277101
WILLIAMSON LAW OFFICE, PLLC
1060 Wigwam Parkway
Henderson, Nevada 89123
Tel: (702) 823-3311
Fax: (702) 309-1085
Attorney for Plaintiff ADRIANNE POWELL

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants filed a Motion to dismiss Plaintiff's Complaint on October 16, 2013. In the filing, the Defendants claimed that the Complaint failed to state facts sufficient to constitute any cause of action against Defendants. Subsequently, the Defendants requested that all five of the Plaintiff's causes of action be dismissed. The fact of the matter is that the Defendants are wrong in their assertion that the Complaint failed to state facts sufficient to constitute any cause of action as set forth below. Furthermore, the standard for reviewing a demurrer is a low bar that the Plaintiff has easily cleared.

## II. LEGAL STANDARD FOR MOTION TO DISMISS

In California, the traditional "Motion to Dismiss" is referred to as a "Demurrer." Federal courts must apply the law of the state from which the controversy arises. Erie R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S. Ct. 817, 822, 82 L. Ed. 1188 (1938). Thus, California law regarding demurrer is the applicable standard for the Defendant's Motion to Dismiss.

The standard for demurrer in California is that the Court must accept the allegations of a complaint as true when ruling on demurrer. Witkin, *Summary of California Procedure* (2d Ed.) Pleading, §800 p. 2413. A complaint states sufficient facts to constitute a cause of action if it appears the plaintiff is entitled to any relief. *Addiego v. Hill* 238 Cal. App. 2d 842, 845, 48 Cal. Rptr. 240 (1965). In passing upon the sufficiency of a pleading, its allegations must be liberally construed with a view to substantial justice between the parties. Id., quoting *Buxbom v. Smith,* 23 Cal.2d 535, 545 [145 P.2d 305]. Furthermore, courts have held that "a Plaintiff need not plead facts with specificity where the facts are within the knowledge and control of the defendant and are unknown to Plaintiff." *Credit Managers Association of Southern California v. Superior Court*, 51 Cal.App.3d

352, 361 (1975) citations omitted. All facts are to be construed in the light least favorable to defendant. *Perdue v. Crocker Natl. Bank*, 38 Cal. 3d 913, 922 (1985). Whether the plaintiff will be able to prove the pleaded facts is irrelevant to ruling upon the demurrer. *Stevens v. Superior Court*, 180 Cal. App. 3d 605, 609-10 (1986). It is an error to sustain a demurrer if it appears that the plaintiff is entitled to any relief under the circumstances pleaded. [*Dubins v. Regents of Univ. Of Cal.*, 25 Cal. App. 4th 77, 82 (1994); *Jack Heskett Lincoln-Mercury, Inc. v. Metcalf*, 158 Cal. App. 3d 38, 41 (1984).] If there is a reasonable possibility that a pleading defect can be cured, leave to amend must be granted. [*Platt v. Coldwell Banker Residential Real Estate Servs.*, 217 Cal. App. 3d 1439, 1444 (1990); *Blank v. Kirwan*, 39 Cal. 3d 311, 318 (1985).] Defendant's demurrer cannot be granted under these standards.

### III. LEGAL ARGUMENT

**A. Defendants inaccurately characterize Plaintiff's argument as advocating that securitization deprives the Defendants of the right to foreclose.**

The Defendants inaccurately characterize the Plaintiff's argument as advocating that securitization, itself, deprives the Defendants of the right to foreclose. The Plaintiff hasn't taken that position at all. Plaintiff simply argues that for the Defendants to have the right to foreclose there must be a clear, identifiable chain of assignments assigning both the note and the deed of trust. Otherwise, the parties involved are unclear about to whom they owe a duty under the agreement. There is no clear, identifiable chain of assignments assigning the note and the deed of trust. The Defendants cannot show proper receipt, possession, transfer, negotiations, assignment and ownership of the borrower's original promissory note and/or deed of trust along the chain of securitization. Each attempted "assignment" or transfer of the note, deed of trust, or both, was invalid, or if it was valid, it can only be proven by fraudulent documents or otherwise inadmissible evidence. Furthermore, the only individual who has standing to foreclose is the holder of the note because only the holder of the note has a beneficial interest. None of the Defendants can show that it is the holder

of the note or the representative of the holder with the right to foreclose as a mortgagee under California law.    The Plaintiff has not argued that simply because the loan was assigned to a trust pool that the parties lose their interest, Plaintiff has argued that there was no assignment because the "assignment" was defective/improper.

While securitization is certainly an important facet of Plaintiff's claims, the fact that a loan was securitized is not determinative of its invalidity.  However, where a party purporting to own an interest in a property elects to foreclose but is not properly assigned a beneficial interest, that foreclosure must not be allowed to stand.  Moreover, Plaintiff's claims strike at the invidious practices of Defendants in their improper assignments and transfers.

Defendants' motion to dismiss mistakenly advocates a harsh position against Plaintiff's securitization audit because it "mistakenly examined financial documents from two years before the loan was originated; and 2) claims nothing more than a mere 'possibility' that the loan was 'securitized' based on these inapplicable financial statements."  However, Defendants' position is wrong.  In fact, the 2005 documents inspected by the loan auditor, Michael Carrigan, do correctly identify the 2007 loan.  Although the loan origination date occurred in 2007, a Substitution of Trustee and Full Reconveyance document dated December 29, 2006 identifies MERS as the current beneficiary to be substituted in for by ReconTrust Company, N.A.  Attached hereto as **Exhibit "1"**. Furthermore, that document says that the original date the Deed of Trust was executed was April 07, 2005 recorded on April 14, 2005.  It should be noted that the dates indicated on this document were recorded by the Defendants.  Additionally, on page five of that same document is a final settlement statement wherein it indicates that the settlement date was January 9, 2007 to be disbursed on January 16, 2007.  Therefore, any "mistake," if one exists, only occurred because Defendants' improperly recorded a Substitution of Trustee on a date that preexisted the execution of the actual Promissory Note.

While Defendants request that Plaintiff's complaint be dismissed for the unreliability of his securitization audit, a closer inspection of the publicly recorded documents reveals that there are documents and dates recorded by Defendants that are unreliable and perhaps fraudulently recorded.

Moreover, any problems with the credibility of a witness should be challenged at trial or at least discovery. A motion to demurrer is not the proper forum to attack the credibility of a witness. Therefore, it is clear that there are questions of fact in this matter to be determined by a jury or, at least, during discovery.

**B. Defendants cannot prove that they are the owner and holder of the note and the beneficiary under the deed of trust.**

The Defendants claim that they are the proper holder and beneficiary of the Plaintiff's Promissory Note; however, a trial or at least discovery is necessary to prove whether or not Defendants had any right to foreclose on Plaintiff's property. Defendants arbitrarily claim that they are the proper holder and beneficiary because they merged with World Savings Bank. This claim is what Plaintiff is opposing in his original complaint. While Defendants would undoubtedly like their claim to recognized, a trial by jury or at least discovery is necessary to substantiate their claim.

**C. Plaintiff does not lack standing to challenge the foreclosure or implementation of the pooling and servicing agreement.**

**i.** **Plaintiff's claims are not improper under *Gomes* because the cases are not substantially similar.**

The Defendants argue that Plaintiff's claim is improper under *Gomes* because it seeks to determine whether Defendants had the authority to foreclose. While it is true that the Plaintiff seeks to determine whether Defendants had the authority to foreclose, there is one glaring, crucial difference between this case and *Gomes*. In *Gomes*, the Plaintiff's mortgage specified that MERS has the right: to exercise interests in the property, "including, but not limited to, the right to foreclose and sell the Property...." *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1151, 121 Cal. Rptr. 3d 819, 821 (2011), review denied (May 18, 2011), cert. denied, 132 S. Ct. 419, 181 L. Ed. 2d 287 (U.S. 2011). Thus, MERS had rights to the property built into the mortgage. There is no such right present in the instant case. The Defendants had no right to the property. The Defendants' claimed rights to the Plaintiff's property flow from its receipt of an alleged "assignment" of the promissory note and/or deed of trust. However, as the Plaintiff alleged in his

6

Plaintiff's Opposition to Motion to Demurrer

complaint, none of the Defendants can show proper receipt, possession, transfer, negotiations, assignment and ownership of the borrower's original promissory note and/or deed of trust along the chain of securitization.  Thus, unlike in Gomes, the Defendant's never had any rights to the Plaintiff's property.

The Defendants' comparison to *Gomes* also fails because here there is indeed a specific factual basis that would show that Defendants had no right to foreclose.  The Plaintiff provided a substantive basis for his claim when he argued that the Defendants, "do not have the right, nor ever had the right, to foreclose on the Property because Defendants, and each of them, have failed to perfect any security interest in the Property, or cannot prove to the Court they have or had a valid interest, or represent a party that has or had a valid interest."  Here, there is a specific factual basis that the Defendants had no right to foreclose on Plaintiff's property.  As alleged above, there are certain improprieties with relevant documents that must be settled with a trial or at least discovery. It is important to note that when facing a demurrer, a Court must accept the allegations of a complaint as true when ruling on demurrer, granting the Defendants' demurrer is improper and unjust. Witkin, *Summary of California Procedure* (2d Ed.) Pleading, §800, p. 2413.

Furthermore, it is clear that there are questions of fact in this matter to be determined by a jury or, at least, during discovery.  Additionally, if there are defects in the Plaintiff's Complaint, the Plaintiff is willing to amend the Complaint if necessary.

**D. The Homeowners Loan Act does not preempt the Plaintiffs arguments.**

State law should be construed, whenever possible, to be in harmony with federal law, so as to avoid having the state law invalidated by federal preemption. (See *Greater Westchester Homeowners Assn. v. City of Los Angeles* (1979) 26 Cal.3d 86, 93, 160 Cal.Rptr. 733, 603 P.2d 1329; *California ARCO Distributors, Inc. v. Atlantic Richfield Co.* (1984) 158 Cal.App.3d 349, 359, 204 Cal.Rptr. 743.)   12 C.F.R. § 560.2(c) states that certain actions fall outside the scope of HOLA. These exceptions include actions rooted in tort or contract law. HOLA's preemption of state

laws affecting federal savings associations is not absolute. Section 560.2(c) carves out state laws that "only *incidentally* affect the lending operations of Federal savings associations or are otherwise consistent with the purposes of paragraph (a) of this section." 12 C.F.R. § 560.2(c) (emphasis added). The Ninth Circuit Court of Appeals has given further guidance with respect to whether a state law of general applicability is preempted by HOLA "as applied":

> [T]he first step will be to determine whether the type of law in question is listed in paragraph (b) of 12 C.F.R. § 560.2. If so, the analysis will end there; the law is preempted. If the law is not covered by paragraph (b), the next question is whether the law affects lending. If it does, then, in accordance with paragraph (a), the presumption arises that the law is preempted. This presumption can be reversed only if the law can clearly be shown to fit within the confines of paragraph (c). For these purposes, paragraph (c) is intended to be interpreted narrowly. Any doubt should be resolved in favor of preemption.*Becker v. Wells Fargo bank, N.A., Inc.*, 2:10-CV-02799 LKK, 2011 WL 1103439 (E.D. Cal. Mar. 22, 2011) *report and recommendation adopted as modified sub nom.* Becker *v. Wells Fargo Bank, N.A.*, CIV. S-10-2799 LKK, 2011 WL 3319577 (E.D. Cal. Aug. 1, 2011).

Under 12 C.F.R. § 560.2 (c), State laws of the following types are not preempted to the extent that they only incidentally affect the lending operations of Federal savings associations contract and commercial law, real property law, homestead laws specified in 12 U.S.C. 1462a(f), tort law, criminal law, and any other law that OTS, upon review, finds furthers a vital state interest and either has only an incidental effect on lending operations or is not otherwise contrary to the purposes expressed. Here, there is an action rooted in contract, real property, and tort law. While Plaintiff's complaint does affect the lending operations of a federal savings association, such affect is incidental to the larger causes of action rooted in contract, real property and tort law. Furthermore, this matter is not otherwise contrary to the purposes of HOLA. Thus, Plaintiff's arguments are not preempted by the Homeowners Loan Act.

### E. Plaintiff is Exempt under *Lona* from Tendering the Loan Proceeds to Initiate an Action for Quiet Title.

Defendants argue that the Plaintiff must tender the amount owed in order to stop the foreclosure sale. However, the Defendant fails to recognize that there are exceptions to this general rule. Courts have the power to vacate foreclosure sales where the foreclosure has been tainted by fraud or where it would be inequitable to impose such a condition on the party challenging the sale. *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 103, 134 Cal. Rptr. 3d 622, 633 (2011)(citations omitted).

In the instant case, it would be inequitable to require the Plaintiff to tender the value of his loan because none of the Defendants holds title to his property. Thus, he would be tendering the value of his loan to a party that has no right to receive the value. Furthermore, when the loan was sold to each intervening entity, there were no Assignments of the Mortgage/Deed of Trust to or from any intervening entity at the time of the sale. Therefore, "True Sales" could not and did not occur. Additionally, the Defendants failed to indorse, assign, and transfer Plaintiff's note and/or mortgage in accordance with the PSA and applicable New York law and/or the uniform Commercial Code. Therefore, the tender rule should not be applied in this matter and the court should quiet title to the property to the Plaintiff.

Additionally, Plaintiff is exempt from tendering the value of the loan because the foreclosure has been tainted by fraud. At the initiation of the loan, there was significant fraud. The Plaintiff's complaint alleges fraud against the Defendants and attacks the validity of the underlying debt. Plaintiff's complaint sufficiently lays out facts that would hold Defendants liable for deceptively inducing him into a loan he could never repay. The essence of his complaint attacks the validity of the mortgage. World Savings illegally, deceptively and/or otherwise unjustly, qualified Plaintiff for a loan which World Savings knew or should have known that Plaintiff could not qualify for or

afford. For example, the underwriter has approved this loan based upon credit scores and the borrower's Stated Income only. Plaintiff never would have qualified for the loan if World Savings had used more accurate and appropriate factors in determining Plaintiff's debt to income ratio. Consequently, World Savings sold Plaintiff a loan product that it knew or should have known would never be able to be fully paid back by Plaintiff. World Savings ignored long-standing economic principals of underwriting and instead, knowingly, liberally, greedily and without any regard for Plaintiff's rights sold Plaintiff a deceptive loan product. The purpose of entering into this loan transaction was for Plaintiff to eventually own the Property. That purpose was knowingly and intentionally thwarted and made impossible by Defendants' combined actions. Therefore, Plaintiff does not have to tender the loan because her complaint falls within one of the exceptions to the tender rule as an attack on the validity of the underlying debt.

## IV. CONCLUSION

The Plaintiffs have, with great specificity, alleged all of the necessary elements to set forth the causes of action contained in their original complaint. At this stage of pleading, the allegations must be taken as true, and the complaint is to be construed liberally. All of the facts are sufficient to state the associated causes of action, and the allegations of the Plaintiffs' first complaint are ripe for adjudication at this time.

…
…
…
…
…
…
…
…

For the reasons stated herein, plaintiffs respectfully request that the demurrer be denied.

DATED:  November 1, 2013          WILLIAMSON LAW OFFICE, PLLC


By:*/s/ Airene Williamson*
Airene Williamson, Esq.
Nevada State Bar # 11594
California State Bar # 277101
WILLIAMSON LAW OFFICE, PLLC
1060 Wigwam Parkway
 Henderson, Nevada 89123
Tel: (702) 823-3311
 Fax: (702) 309-1085
 Attorney for  Plaintiff ARNAB SARKAR

11

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Las Vegas, Nevada; my business address is Williamson Law Office, PLLC, 1060 Wigwam Parkway, Henderson, Nevada 89074.

On the date below, I served a copy of the foregoing document entitled:

**OPPOSITION TO DEFENDANT WELLS FARGO BANK N.A.'S AND THE BANK OF NEW YORK'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

on the interested parties in said case as follows:

**Served Electronically Via the Court's CM/ECF System**

*Counsel for the Defendants Wells Fargo Bank, N.A. and The Bank of New York*

Robert A. Bailey (#214688)
Daniel A. Armstrong (#270175)
ANGLIN, FLEWLLING, RASMUSSEN, CAMPBELL &TRTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Las Vegas, Nevada on November 1, 2013.

Emma L. Gonzales                                            */s/ Emma L. Gonzales*