IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNAB SARKAR, <br><br> Plaintiff, <br><br> v. <br><br> WORLD SAVINGS FSB, F/K/A WELLS FARGO BANK, N.A.; THE BANK OF NEW YORK AS TRUSTEE FOR SECURITIZED TRUST WORLD SAVINGS BANK MORTGAGE PASS-THROUGH CERTIFICATES REMIC 28; and DOES 1 through 100 inclusive, <br><br> Defendants. | Case No. C 13-4375 <br><br> ORDER DENYING MOTION TO REMAND |

    Defendant Wells Fargo Bank, N.A. ("Wells Fargo") timely removed this case from the Superior Court of the State of California for the County of Contra Costa on diversity grounds. ECF No. 1 ("Not. of Removal"). Plaintiff Arnab Sarkar ("Plaintiff") now moves to remand. ECF No. 15 ("Mot."). Plaintiff argues that complete diversity is lacking because both he and Wells Fargo are citizens of California. Plaintiff points out that California is Wells Fargo's principal place of business. Wells Fargo contends that it is a citizen of South Dakota, the location

of its main office, and no other state.

Wells Fargo's citizenship turns on 28 U.S.C. § 1348, which provides in relevant part: "All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." In Wachovia Bank v. Schmidt, 546 U.S. 303 (2006), the Supreme Court addressed the meaning of the word "located." For § 1348 purposes, the court held that a national bank is a citizen of the state in which its main office is located, rather than a citizen of every state in which it maintains a branch. Id. at 307.

Since Schmidt was decided, a number of judges in this district have endorsed a dual-citizenship approach in the § 1348 context. See Martinez v. Wells Fargo Bank, 946 F. Supp. 2d 1010, 1024 (N.D. Cal. 2013) (Chen J.); Vargas v. Wells Fargo Bank N.A., 12-CV-02008-JST, 2013 WL 6235575, at *8 (N.D. Cal. Dec. 2, 2013) (Tigar J.). These decisions hold that Schmidt did not overrule American Surety Co. v. Bank of California, 133 F.2d 160 (9th Cir. 1943), a 1943 decision in which the Ninth Circuit held that a national banking association's citizenship is fixed by the location of its principal place of business. See Martinez, 946 F. Supp. 2d at 1016-17. Under this line of cases, a national banking association is located in either the state of its principal place of business or the state of its main office.

The dual-citizenship approach appears to be the minority view. Though the Ninth Circuit has yet to weigh in on whether American Surety is still good law, most of the judges in this district have held that, for the purposes of assessing diversity jurisdiction, a national banking association is located in only one state, that of

its main office.  See, e.g., Meyer v. Wells Fargo Bank, N.A., C 13-03727 WHA, 2013 WL 6407516, at *2 (N.D. Cal. Dec. 6, 2013) (Alsup J.); Lindberg v. Wells Fargo Bank N.A., C 13-0808 PJH, 2013 WL 3457078, at *1 (N.D. Cal. July 9, 2013) (Hamilton J.); Yong Chull Kim v. Wells Fargo Bank, N.A., 5:12-CV-02066-EJD, 2012 WL 3155577, at *2-3 (N.D. Cal. Aug. 2, 2012) (Davila J.); Tse v. Wells Fargo Bank, N.A., C10-4441 TEH, 2011 WL 175520, at *2-3 (N.D. Cal. Jan. 19, 2011) (Henderson J.); Atienza v. Wells Fargo Bank, N.A., No. 10-3457, 2011 U.S. Dist. LEXIS 1738, at *3 (N.D. Cal. Jan. 4, 2011) (Seeborg J.); DeLeon v. Wells Fargo Bank, N.A., 729 F. Supp. 2d 1119, 1123-24 (N.D. Cal. 2010) (Fogel J.).  The Eighth Circuit -- the only Circuit that has squarely addressed the issue since Schmidt -- has also rejected the dual-citizenship approach.  Wells Fargo Bank, N.A. v. WMR e-PIN, LLC, 653 F.3d 702, 709 (8th Cir. 2011).

The Court finds the reasoning of these cases persuasive and adopts the majority view that, for the purposes of § 348, a national bank is a citizen of only the state in which its main office is located.  Accordingly, the Court finds that Wells Fargo is a citizen of South Dakota and that there exists complete diversity among the parties in the instant action.  Plaintiff's motion to remand is DENIED.

IT IS SO ORDERED.

Dated: January 29, 2014

UNITED STATES DISTRICT JUDGE

3