IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNAB SARKAR,<br><br>      Plaintiff,<br><br>   v.<br><br>WORLD SAVINGS FSB, F/K/A WELLS FARGO BANK, N.A.; THE BANK OF NEW YORK AS TRUSTEE FOR SECURITIZED TRUST WORLD SAVINGS BANK MORTGAGE PASS-THROUGH CERTIFICATES REMIC 28; and DOES 1 through 100 inclusive,<br><br>      Defendants. | Case No. C 13-4375<br><br>ORDER GRANTING MOTION TO DISMISS |

## I.  INTRODUCTION

This case arises out of a mortgage foreclosure dispute.  Now pending before the Court is Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to dismiss Plaintiff Arnab Sarkar's ("Plaintiff") Complaint.  ECF Nos. 1 Ex. A ("Compl."), 10 ("MTD"). The motion is fully briefed, ECF Nos. 29 ("Opp'n"), 41 ("Reply"), and the matter is suitable for determination without oral argument per Civil Local Rule 7-1(b).  For the reasons set forth below, the motion is GRANTED.

## II. BACKGROUND

On or around January 6, 2007, Plaintiff obtained a $621,500 mortgage loan from "World Savings," Wells Fargo's predecessor in interest. Compl. ¶ 25. The loan was secured by Plaintiff's residence in El Cerrito, California (hereinafter, the "Property"), id., as documented by a deed of trust filed with Contra Costa County, ECF No. 11 ("RJN") Ex. A ("DOT").[1] Plaintiff alleges that the promissory note and DOT were securitized and then sold or transferred to a "REMIC Trust" through a series of intervening assignments. Compl. ¶ 26. Plaintiff further alleges that this process violated a pooling and servicing agreement ("PSA") because (1) the note and the DOT were not assigned to the trust prior to the closing date, and (2) the "PSA requires a complete and unbroken chain of transfers/assignments to and from each intervening party." Id. ¶ 31-32.

On October 22, 2012, Wells Fargo commenced foreclosure proceedings against the Property by causing to be recorded a notice of default and election to sell under a deed of trust. RJN Ex. H ("NOD"). According to the NOD, Plaintiff was $19,521.24 in arrears on his loan payments. Id. Plaintiff alleges that Defendant's foreclosure attempts are improper because they no longer hold a beneficial interest in the Property. See e.g., Compl. ¶ 43.

---

[1] The parties dispute whether the DOT attached to Defendant's request for judicial notice ("RJN") is genuine. See ECF No. 28. Plaintiff argues that the Court should decline to take judicial notice of the DOT or any other document outside the pleadings. Id. The issue is moot. The Court need not take judicial notice of any of the documents attached to Defendant's RJN to determine that Plaintiff's claims are implausible. However, as discussed below, the Court properly takes judicial notice of the securitization audit attached to the Complaint. See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

2

Further, Plaintiff alleges that the terms of his loan are fraudulent and unenforceable because the loan was underwritten without proper due diligence. Id. ¶ 47. Specifically, Plaintiff asserts that World Savings failed to verify his income and qualified Plaintiff for a loan which it knew or should have known that Plaintiff could not afford. Id. ¶¶ 47-48.

Plaintiff's allegations that his loan was securitized are predicated on a "securitization audit" performed by Certified Forensic Loan Auditors, LLC ("CFLA"). See, e.g., id. ¶ 10. The report states that a Bloomberg database search "did not reveal match characteristics" based on Plaintiff's loan. Compl. Ex. A ("Audit") at 7. Despite the lack of data in the Bloomberg database, CFLA speculates that there are several possibilities for the loan, including that it was placed into one of several Wachovia Bank or other publically reporting trusts. Id. at 7. CFLA cites to a 2005 SEC filing, in which World Savings' parent company, Golden West, stated: "We often securitize our portfolio loans into mortgage-backed securities." Id. This filing does not say anything about Plaintiff's loan in particular. Nor is there any indication that Golden West or World Savings continued to securitize loans in 2007, when Plaintiff's loan was allegedly originated.

Based on these facts, Plaintiff asserts causes of action for (1) lack of standing to foreclose, (2) fraud in the concealment, (3) fraud in the inducement, (4) quiet title, and (5) declaratory relief. Defendant now moves to dismiss all five claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

///

**III. LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The allegations made in a complaint must be both "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it" and "sufficiently plausible" such that "it is not unfair to require the opposing party to be subjected to the expense of discovery." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).[2]

///

---

[2] Based on Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938), Plaintiff asserts that California law regarding demurrer is the applicable standard for Defendant's motion to dismiss. Opp'n at 3. Not so. Under Erie, a federal court sitting in diversity jurisdiction applies state substantive law and federal procedural law. Feldman v. Allstate Ins. Co., 322 F.3d 660, 666 (9th Cir. 2003). Plaintiff cannot credibly contend that California's pleading standards constitute substantive law.

4

**IV.  DISCUSSION**

Wells Fargo moves to dismiss on four grounds: (1) Plaintiff's claims are preempted by the Homeowners Loan Act ("HOLA"), 12 U.S.C. 1461 et seq.; (2) Plaintiff has not tendered the amount due under the loan; (3) the California foreclosure statute precludes Plaintiff's claims; and (4) Wells Fargo has a beneficial interest in the note and DOT.  These arguments target only Plaintiff's allegations that his loan was improperly transferred.  Some of Plaintiff's claims also appear to be predicated on his allegations that the underwriting on his loan was improper, though the Complaint is vague on which.  As set forth below, Plaintiff's Complaint is DISMISSED with leave to amend.  The amended complaint should: (1) set forth plausible allegations regarding the securitization and assignment of Plaintiff's loan, and (2) explain how Plaintiff's underwriting allegations map to his individual claims for relief.

**A.   HOLA Preemption**

HOLA preempts state laws relating to "[t]he terms of credit, including amortization of loans and the deferral and capitalization of interest," "[d]isclosure and advertising, including laws requiring specific statements, information, or other content to be included in credit application forms," and "[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages."  12 C.F.R. § 560.2(a).  However, state laws relating to contract and commercial law, real property law, and tort law, "are not preempted to the extent that they only incidentally affect lending operations . . . or are otherwise consistent with the purpose [of the regulation]."  Id. § 560.2(c).

The Court finds that Plaintiff's claims are not preempted by HOLA. Plaintiff's claims for lack of standing, quiet title, and declaratory relief are firmly ground in state property law and any impact they might have on Wells Fargo's lending operations is purely incidental. Moreover, nothing in HOLA or its implementing regulations suggest that the statute preempts the enforcement of state foreclosure statutes. Plaintiff's claims for fraud are grounded in tort law and "the only 'requirement' they impose on [Wells Fargo] is that it be held responsible for the statements they make to their borrowers." Shaterian v. Wells Fargo Bank, N.A., 829 F. Supp. 2d 873, 881 (N.D. Cal. 2011) (internal quotations omitted).

### B. Tender

In his Complaint, Plaintiff seeks a declaration by the Court that he is the fee simple owner of the Property. Compl. ¶ 105. Wells Fargo argues that Plaintiff is not entitled to such a remedy unless he tenders the full amount due under the loan. MTD at 11. Tender is not required where "the borrower's action attacks the validity of the underlying debt." Lona v. Citibank, N.A., 202 Cal. App. 4th 89, 1112-13 (Cal. Ct. App. 2011). Here, Plaintiff has alleged that World Savings fraudulently induced him into entering the loan by failing to verify his income and placing him into a loan it knew he could not afford. At the pleading stage, this is sufficient to invoke an exception to the tender rule.

### C. California's Nonjudicial Foreclosure Statute

California Civil Codes sections 2924 through 2924k provide a comprehensive and exhaustive scheme regulating nonjudicial foreclosures in the state. Gomes v. Countrywide Home Loans, Inc.,
6

192 Cal. App. 4th 1149, 1154 (Cal. Ct. App. 2011). "California appellate courts have refused to read any additional requirements into the non-judicial foreclosure statute." Id. (quotations omitted). For example, in Gomes, the plaintiff asserted he had the right to bring a court action to determine whether the owner of his promissory note authorized its nominee to initiate the foreclosure process. Id. The court rejected this argument, reasoning that the plaintiff was attempting "to inject the courts into California's comprehensive nonjudicial scheme." Id.

Defendant appears to argue that Gomes precludes any action challenging a defendant's right to initiate foreclosure proceedings. See Mot at 5-7. But the holding of Gomes is more limited. The fundamental problem with the plaintiff's pleading in Gomes was that he lacked "a specific factual basis for alleging that the foreclosure was not initiated by the correct party." Id. at 1156 (emphasis in the original). Thus, in the instant action, the pertinent question is whether Plaintiff has pleaded a specific factual basis for alleging that Wells Fargo lacks a beneficial interest in either the note or the DOT. To the extent that he has, dismissal would be improper.

### D. Wells Fargo's Interest in the Note and DOT

Plaintiff's assertion that Wells Fargo lacks an interest in the note and DOT is predicated on his allegation that the note was improperly transferred into a mortgage-backed security trust. However, as Defendant argues, Plaintiff's allegations regarding securitization are simply not plausible. The CFLA audit that is incorporated by reference into the Complaint speculates that Plaintiff's note was securitized because his loan originator, World

Savings, securitized certain loans in its portfolio in 2005. According to the Complaint, Plaintiff did not enter into a loan agreement with World Savings until 2007. Compl. ¶ 25. In his opposition brief, Plaintiff contradicts the facts alleged in his Complaint, asserting that the loan was actually originated in 2005. Opp'n at 5. Even if Plaintiff is correct, the CFLA audit does not indicate that World Savings ever securitized all or even most of its loans.

Of course, it is possible that World Savings securitized Plaintiff's loan. It is also possible that there was a PSA and that World Savings' assignment of Plaintiff's loan did not comply with the terms of that PSA. However, Rule 8 requires that factual allegations rise above the "speculative level." Twombly, 550 U.S. at 545. Where "plaintiffs have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. Based on the fact that World Savings securitized some of its loans, Plaintiff is asking the Court to infer that: (1) his loan was assigned to a mortgage-backed security trust, and (2) the assignment was improper. This does not meet the Rule 8 plausibility standard.

Thus, Plaintiff lacks a specific factual basis for alleging that Wells Fargo does not have a beneficial interest in the Property. Absent such a factual basis, the Court declines to intervene in the nonjudicial foreclosure process. See Gomes, 192

Cal. App. 4th at 1156.  Accordingly, Plaintiff's claims are DISMISSED with leave to amend.

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS Wells Fargo's motion to dismiss.  Plaintiff's Complaint is DISMISSED with leave to amend.  Plaintiff shall file an amended complaint that addresses the concerns identified above within thirty (30) days of the signature date of this Order.  Failure to do so may result in dismissal of this action with prejudice.

IT IS SO ORDERED.

Dated: January 31, 2014

UNITED STATES DISTRICT JUDGE